USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 08/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN CHENG, et al.,

Plaintiffs,

-against-

ZHANG MEDICAL P.C., et al.,

Defendants.

21-CV-06682 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court assumes familiarity with the facts and procedural history of this matter. Defendants move for reconsideration of the Court's March 20, 2026 Opinion and Order and argue the Court should have dismissed Defendant Malgorzata Jaremko from this lawsuit as Plaintiffs adduced no evidence against her: "It is evident [P]laintiffs failed to offer competent, admissible evidence that there is a triable issue of fact as to Ms. Jaremko's involvement in this case." *See* Dkt. No. 149-2 at 5.

Barring new law or new evidence, neither of which is present here, a motion for reconsideration requires that a movant has already made the argument that it asks a court to reconsider. It is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Defendants' motion runs afoul of this principle. Defendants never argued at summary judgment that the Court should dismiss Dr. Jaremko given the lack of evidence supporting a medical malpractice, fraud, or deceptive business practice claim against her.[1] Defendants may not do so now via a motion for

[1] Specifically, the motion for reconsideration argues Plaintiffs cannot sustain a medical malpractice claim against Dr. Jaremko given the lack of supporting evidence and cannot sustain a claim

consideration. Furthermore, it would have been reversible error for this Court to *sua sponte* grant summary judgment on a ground absent from Defendants' briefing. *A.H. by E.H. v. New York State Dep't of Health*, 147 F.4th 270, 280 (2d Cir. 2025); *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (explaining that the principle of party presentation bars courts from granting relief on a ground not raised by a party).

Accordingly, Defendants' motion for reconsideration (Dkt. No. 149) is DENIED.

It is further ORDERED that the parties file a joint letter on or before **August 24, 2026**, specifying whether they would like a further settlement conference before Judge Aaron or are prepared to proceed to trial.

Dated: August 10, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

for fraud or deceptive trade practices against Dr. Jaremko as she never spoke with Plaintiffs. *See* Dkt. No. 149-2 at 4–6. Neither of these arguments were made in Defendants' summary judgment briefing. Indeed, other than in the caption and identifying her as one of the witnesses deposed, the briefing makes no mention of Dr. Jaremko at all.